UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REMON MCDANIEL, <br>     Petitioner, <br>     v. <br> M. SPEARMAN, <br>     Respondent. | Case No. 18-cv-04656-SI <br><br> **ORDER ON INITIAL REVIEW** <br> Re: Dkt. Nos. 1, 9 |

Remon McDaniel, an inmate at High Desert State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition, attachments thereto, and the California Court of Appeal's decision in *People v. McDaniel*, Cal. Ct. App. No. A141572/A142786 (opinion filed December 22, 2016), provide the following information: McDaniel was convicted in 2014 in Alameda County Superior Court of first degree murder and being a felon in possession of a firearm. On April 11, 2014, he was sentenced to a total of 53 years to life in prison.

McDaniel appealed. The California Court of Appeal affirmed the judgment of conviction on December 22, 2016. According to the docket sheet available on the California courts' website (www.appellatecases.courtinfo.ca.gov), McDaniel's petition for review was denied on March 22, 2017. He does not indicate that he filed any petitions for collateral review in the state courts.

1    McDaniel's federal petition for writ of habeas corpus has a proof of service dated August 27, 2018. Docket No. 9-2. The petition was stamped "filed" at the courthouse on August 31, 2018. Shortly before filing his petition, McDaniel had sent to the court a letter (filed August 2, 2018) stating that he only recently had become aware of the habeas deadline and thought he had missed the deadline due to the side effects of medication had had been taking. Docket No. 1.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent

procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## CONCLUSION

Good cause appearing therefor,

1. The clerk shall serve a copy of this order and the petition upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent must file and serve upon petitioner, on or before **November 9, 2018**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent on or before **December 7, 2018.**

4. Respondent may file and serve a reply on or before **December 21, 2018**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

**IT IS SO ORDERED**.

Dated: September 11, 2018

_____
SUSAN ILLSTON
United States District Judge